# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-cv-61012-BLOOM/Valle

ROBERT H. MILLS,

      Plaintiff,

v.

SELECT PORTFOLIO SERVICING, INC.,

      Defendant.

_____/

## <u>ORDER ON MOTION TO DISMISS</u>

**THIS CAUSE** is before the Court upon Defendant Select Portfolio Servicing Inc.'s Motion to Dismiss the Amended Complaint, ECF No. [28] (the "Motion"). The Court has carefully reviewed the record, the parties' briefs, and the applicable law. For the reasons that follow, the Motion is granted in part and denied in part.

### I.    BACKGROUND

Plaintiff Robert H. Mills ("Plaintiff") initiated this lawsuit on July 12, 2018 against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA").

According to Plaintiff's Complaint, on April 26, 2013 Defendant filed a foreclosure lawsuit against Plaintiff in the 17th Judicial Circuit, in and for Broward County, Florida, Case No. 2013-CA-010471 ("Foreclosure Action"). ECF No. [24] at ¶ 7. On March 10, 2014, counsel appeared on behalf of the Plaintiff in the Foreclosure Action. *Id.* at ¶ 9. On January 21, 2016, an order of dismissal was entered in the Foreclosure Action. *Id.* at ¶ 10.

After entry of the order of dismissal, Plaintiff's counsel continued negotiating with Defendant on Plaintiff's behalf until approximately November 8, 2016. *Id.* at ¶ 11. Every month

after the entry of the order of dismissal, Defendant sent at least one mortgage statement, default letter, mortgage assistance letter, insurance coverage letter, or escrow statement directly to the Plaintiff at his residential address. *Id.* at ¶ 13. The communications misrepresented the nature and extent of the mortgage loan debt and other amounts allegedly owed. *Id.* at ¶ 14. Accordingly, Plaintiff claims that Defendant violated the FDCPA and FCCPA.

Defendant filed the instant Motion on August 3, 2018. Plaintiff's Response, and Defendant's Reply, timely followed. *See* ECF Nos. [29], [30].

## II.   LEGAL STANDARD

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); see *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in

favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

## III.  DISCUSSION

The FDCPA seeks to remedy abusive, deceptive, and unfair debt collection practices by debt collectors against consumers, and prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f; *see* 15 U.S.C. § 1692e; *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011). Under the FDCPA, a debt collector who "fails to comply with any provision . . . with respect to any person is liable to such person" for "actual damage[s]," costs, "a reasonable attorney's fee as determined

by the court," and "additional damages." 15 U.S.C. § 1692k(a). "In order to prevail on an FDCPA claim, Plaintiff must establish that: (1) he was the object of collection activity arising from consumer debt; (2) Defendant qualifies as a 'debt collector' under the FDCPA; and (3) Defendant engaged in an act or omission prohibited by the FDCPA." *Dunham v. Lombardo, Davis & Goldman*, 830 F. Supp. 2d 1305, 1306-07 (S.D. Fla. 2011) (citing *Wise v. Cach*, 2010 WL 1257665, *2 (S.D. Fla. Mar. 26, 2010)). "The first element of an FDCPA claim has two requirements—there must be collection activity and this activity must relate to a consumer debt." *Id.* at 1307 (citing *Buckley v. Bayrock Mortg. Corp.*, 2010 WL 476673, *6 (N.D. Ga. Feb. 5, 2010)).

The FCCPA is "a Florida state analogue to the federal FDCPA." *Oppenheimer v. I.C. Sys., Inc.*, 627 F.3d 833, 836 (11th Cir. 2010). Accordingly, the FCCPA is "construed in accordance with the FDCPA." *Lear v. Select Portfolio Servicing, Inc.*, 309 F. Supp. 3d 1237, 1239 (S.D. Fla. 2018) (internal quotation omitted).

### 1. COUNTS I AND III

Plaintiff first claims that Defendant violated 15 U.S.C. § 1692c(a)(2) and Florida Statute § 559.72(18) by directly communicating with Plaintiff, via written correspondence, knowing that Plaintiff was represented by an attorney with respect to the mortgage loan debt. ECF No. [24] at ¶¶ 22, 34. The FDCPA provides that "a debt collector may not communicate with a consumer in connection with the collection of any debt ... if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney

consents to direct communication with the consumer." 15 U.S.C. § 1692c(a)(2). The corresponding provision of the FCCPA is substantially identical. *See* Fla. Stat. § 559.72(18).

Defendant argues that its communications with Plaintiff were not a debt collection and therefore cannot be the basis of a FDCPA or FCCPA violation. At the motions to dismiss stage, courts routinely make determinations as to whether communications constitute an attempt to collect a debt. *See, e.g.*, *Jones v. Select Portfolio Servicing, Inc.*, No. 1:18-cv-20389, 2018 WL 2316636, at *4 (S.D. Fla. May 2, 2018); *Brown v. Select Portfolio Servicing, Inc.*, No. 16-62999-CIV, 2017 WL 1157253, at *4 (S.D. Fla. Mar. 3, 2017); *Green v. Specialized Loan Servicing, LLC*, No. 6-16-cv-1298, 2017 WL 5906286, at *4 (M.D. Fla. Nov. 30, 2017); *Helman v. Uldren Law Offices, P.C.*, No. 0:14-CV-60808, 2014 WL 7781199, at *3-6 (S.D. Fla. Dec. 18, 2014); *Parker v. Midland Credit Mgmt., Inc.*, 874 F. Supp. 2d 1353, 1355 (M.D. Fla. 2012). Accordingly, this Court makes such determinations as to the Mortgage Statements (ECF No. [24] at 13-16), Mortgage Assistance Letter (*id.* at 18), Escrow Statements (*id.* at 17, 19), and Default Letters and Insurance Coverage Letters, in turn.

### A. The Mortgage Statements

Mortgage statements sent by servicers to defaulted borrowers that comply with the Truth in Lending Act ("TILA") and Regulation Z are not debt collection communications under the FDCPA. *See Jones*, 2018 WL 2316636, at *5 (collecting cases). In *Jones*, examining substantially similar monthly mortgage statements, the court held that "a mortgage servicer has sent mortgage statements substantially in compliance with the TILA, which do not materially deviate in substance from the Regulation Z model form and which factually apprise the borrower of his delinquency status, [] should not be held liable under § 1692c of the FDCPA for its apparent good faith compliance with the TILA." *Id.* at *4. This Court agrees with the reasoning

in *Jones* and finds that the Mortgage Statements at issue are not communications in connection with a collection of a debt.

## B. The Mortgage Assistance Letter

The Mortgage Assistance Letter provides information regarding alternatives to foreclosure. It is not a "dunning" letter, which is a letter that is generated to demand payment or otherwise collect upon a debt. *LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185, 1189 n. 7 (11th Cir. 2010) (defining a dunning letter). The Mortgage Assistance Letter does not demand payment. It does not deliver an ultimatum or establish an arbitrary deadline. The Court therefore finds that sending the Mortgage Assistance Letter was not debt collection activity. *See Helman*, 85 F. Supp. 3d at 1326–27.

## C. The Escrow Statements

The escrow letter states: "This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose." ECF No. [24] at 17. This language indicates that the escrow letter is a debt collection communication. *See Lear v. Select Portfolio Servicing, Inc.*, 309 F. Supp. 3d 1237, 1240 (S.D. Fla. 2018) (finding identical language indicated debt collection communication").

## D. The Default Letters and Insurance Coverage Letters

Plaintiff's Complaint alleges that Defendant sent "default letters" and "insurance coverage letters" to Plaintiff. ECF No. [24] at ¶ 13. However, Plaintiff provides no further information concerning what these letters are, what they sought, how they were debt collection letters, or the false representations contained therein. Accordingly, the Court grants the Motion to Dismiss, permitting Plaintiff leave to amend his Complaint to specifically identify these other communications and explain, with specificity, how these other communications constitute

violations of the FDCPA (§ 1692c(a)(2)) as alleged in Count I and the FCCPA (Fla. Stat. §

559.72(18)) as alleged in Count III.  *See Jones*, at *5 (requiring the plaintiff to specifically

identify "other" communications and explain how communications violate the FCCPA and

FDCPA).

### 2. <u>COUNTS II AND IV</u>

In Counts II and IV of the Amended Complaint, Plaintiff asserts claims under the FCCPA

and the FDCPA claiming that after entry of the order of dismissal in the Foreclosure Case,

Defendant sent communications to Plaintiff misrepresenting the amount of the mortgage loan

debt.  Defendant argues that it is entitled to dismissal of Counts II and IV because Plaintiff failed

to comply with the mortgage's pre-suit notice and cure provision ("Paragraph 20") before

commencing this action.[1]  Paragraph 20 of the mortgage provides:

> Neither Borrower nor Lender may commence, join, or be joined to any judicial
> action (as either an individual litigant or the member of a class) that arises from
> the other party's actions pursuant to this Security Instrument or that alleges that
> the other party has breached any provision of, or any duty owed by reason of, this
> Security Instrument, until such Borrower or Lender has notified the other party
> (with such notice given in compliance with the requirements of Section 15) of
> such alleged breach and afforded the other party hereto a reasonable period after
> the giving of such notice to take corrective action.

---

[1] Fed. R. Evid. 201(b) provides for taking judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  *Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1278 (11th Cir. 1999). For purposes of this Motion, the Court takes judicial notice under Fed. R. Evid. 201 of the Assignment and the facts in the Mortgage related to the notice and cure provision.  *Colon v. Nationstar Mortg., LLC,* No. 15-CV-22961, 2015 WL 7422598, at *2 (S.D. Fla. Nov. 17, 2015) (taking judicial notice of facts in mortgage related to notice and cure provision in action alleging violations of Telephone Consumer Protection Act, 47 U.S.C. § 227); *Correa v. BAC Home Loans Servicing LP,* 2012 WL 1176701, at *4 (M.D. Fla. Apr. 9, 2012) (taking judicial notice of, among other things, mortgage and assignment of mortgage in action alleging violations of Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 and Truth in Lending Act, 15 U.S.C. § 1641); *Henderson v. BAC Home Loans Servicing, LP,* 2011 WL 10843391, at *9 (N.D. Ga. June 29, 2011) (taking judicial notice of assignment of mortgage in Fair Debt Collection Practices Act, 15 U.S.C. § 1692).

ECF No. [28-1] at 14. Plaintiff does not dispute that he did not provide Defendant with notice of the purported FDCPA and FCCPA violations and an opportunity to cure those violations prior to filing this action. Rather, Plaintiff contends that claims based on alleged misrepresentations in the Mortgage Statements are not subject to Paragraph 20 because Defendant did not send the Mortgage Statements pursuant to an obligation under the mortgage. Rather, Defendant was required to send the Mortgage Statements pursuant to TILA.[2]

The notice and cure provision of a mortgage bars a plaintiff's claims where it "applies by its terms to [the] action." *St. Breux v. U.S. Bank, Nat. Ass'n*, 919 F. Supp. 2d 1371, 1375 (S.D. Fla. 2013). In *St. Breux*, the mortgage on the plaintiff's home included the same notice and cure provision that is at issue here. *Id* at 1373. The plaintiff sent a letter to the loan servicer requesting identification of the owner or master servicer of Plaintiff's mortgage obligation. *Id.* In response, the plaintiff received a letter from the loan servicer which did not provide the name, address, and telephone number of the owner, nor identified itself as the master servicer, as is required by TILA. *Id.* The plaintiff then sued without providing notice or an opportunity to cure. *Id.* The court held that the notice and cure provision did not apply, reasoning that

> the duty to disclose the name of the owner or master servicer is not a duty owed by reason of the mortgage. It is a duty owed by reason of TILA. The parties have not directed the Court to any provision in the mortgage requiring [Defendant] or its servicer to provide the name, address, and phone number of the owner or master servicer. In the absence of TILA, there would be no suit. The claim is not directly related to the mortgage, so the notice and cure provision does not apply.

*Id.* at 1376.

---

[2] The parties agree that any violations based on the Default Letter or Escrow Statement would be subject to Paragraph 20 because the mortgage obligated Defendant to make those communications. Thus, Counts II and IV are only applicable to the Mortgage Statements, as the other alleged correspondence attached to the Complaint does not contain amounts owed. Plaintiff is permitted leave to amend to the extent that any additional communications contain alleged misrepresentations.

The *St. Breux* Court relied on the Eleventh Circuit's holding in *Bahamas Sales Assoc., LLC v. Byers*, 701 F.3d 1335 (11th Cir. 2012). *Id.* at 1375. In *Byers*, the Eleventh Circuit found that a claim did not fall within the scope of a forum-selection clause consisting of far broader language than the notice and cure provision at issue in the instant case. There, the forum-selection clause applied to "any dispute proceeding, suit or legal action … related in any way to [the lot purchase contract]." *Id.* at 1340 (alterations in original). The Court explained that

> [a] claim "relates to" a contract when the dispute occurs as a fairly direct result of the performance of contractual duties. Moreover, the fact that a dispute could not have arisen but for an agreement does not mean that the dispute necessarily "relates to" that agreement. The phrase "related to" marks a boundary by indicating some direct relationship. Requiring a direct relationship between the claim and the contract is necessary because, if relate to were taken to extend to the furthest stretch of its indeterminacy, it would have no limiting purpose because really, universally, relations stop nowhere.

*Id.* at 1340-41. Based on the above, the Court reasoned that although the clause's language is broad, it does not cover appraisal fraud claims that are not "a fairly direct result of the performance of contractual duties" under the contract. *Id.* at 1341.

Other courts have similarly concluded that notice and cure provisions identical to Paragraph 20 did not apply to statutory claims. In *Foster v. Green Tree Servicing, LLC*, defendant argued that plaintiff's FDCPA and FCCPA claims, based on defendant sending direct communications to plaintiff attempting to collect a debt while plaintiff was represented by counsel, should be dismissed for failure to satisfy the identical notice and cure provision in a mortgage. 2017 WL 5151354, at *3 (M.D. Fla. Nov. 3, 2017). The Court dismissed the claims, finding that plaintiff's consumer protection claims, "albeit related to the mortgage and [defendant]'s efforts to procure mortgage payments, do no [sic] allege a breach of the mortgage or any duty arising therefrom. *Id.*

Additionally, in *Colon v. Nationstar Mortg., LLC*, plaintiff alleged that defendant used an automatic dialing system to place over fifty telephone calls to plaintiff's cellular phone to collect a debt arising from a mortgage loan serviced by defendant. 2015 WL 7422598, at *1 (S.D. Fla. Nov. 17, 2015). Finding that the notice and cure provision did not apply to the plaintiff's claims, the court reasoned that "even if the notice and cure provision is connected to the mortgage referenced in the Complaint, it cannot be stretched to ensnare pre-suit conduct concerning a consumer protection statute that is not directly connected to the performance of the duties in the Mortgage." *Id.* at *2. Interpreting the notice and cure provision, the court stated:

> The word "until" clearly marks the conditional nature of the provision and qualifies the preceding clauses by indicating that a party will give notice to the other party of "such alleged *breach*" prior to commencing an action. In other words, the notice and cure provision is circumscribed to breaches of provisions, and duties owed, within the Mortgage itself.

*Id.*

Turning to the instant case, Defendant argues that Plaintiff's claims arose from a duty owed by reason of the mortgage because the claims relate to amounts due under the mortgage. Plaintiff relies on *Kurzban v. Specialized Loan Servicing, LLC*, and the cases cited therein, as support for the proposition that a notice and cure provision bars consumer protection claims that relate to amounts charged on the mortgage. 2018 WL 1570370, at *1 (S.D. Fla. Mar. 30, 2018).

This Court is unpersuaded by Defendant's argument. The Court agrees with the holding in *Colon* that the notice and cure provision is circumscribed to breaches of provisions, and duties owed, within the mortgage itself. Fatally, Defendant has not identified a provision of the mortgage, or duty owed as a result of the mortgage, that was allegedly breached giving rise to Plaintiff's claims. The notice and cure provision cannot apply where there are no allegations that the contract has been breached, for without a breach there is nothing for Defendant to cure.

Accordingly, this Court finds that Plaintiff was not obligated by Paragraph 20 to provide notice and an opportunity to cure before asserting the claims in Counts II and IV. Therefore, Defendant's motion to dismiss Counts II and IV is denied as to the Mortgage Statements only.

## IV.  CONCLUSION

For the reasons stated herein, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Select Portfolio Servicing Inc.'s Motion to Dismiss the Amended Complaint, **ECF No. [28],** is **GRANTED in part and DENIED in part** as set forth above.

2. Plaintiff is permitted to file a Second Amended Complaint no later than **October 29, 2018.**

3. Should Plaintiff elect not to file a Second Amended Complaint by October 29, 2018, Defendant shall file its Answer to the Amended Complaint no later than **November 9, 2018.**

**DONE AND ORDERED** in Miami, Florida, this 19th day of October, 2018.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record